UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-169-HEA |
| | ) |
| DIVISION OF FAMILY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Kierra Martin for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for lack of jurisdiction, and alternatively, for failure to state a claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Kierra Martin, a self-represented litigant, initiated this action by filing a typed complaint titled, "Petition for Writ of Habeas Corpus Pursuant to Missouri Supreme Court Rule 91, et seq."[1] ECF No. 1. The caption of the complaint is styled for the "Circuit of St. Louis City

---

[1] Missouri Supreme Court Rule 91 allows for a state habeas corpus petition to be filed in a circuit court, the Missouri Supreme Court, or the Missouri Court of Appeals. Mo. S. Ct. R. 91.01(a).

2

Twenty-Second Judicial Circuit." *Id.* at 1. Plaintiff brings this action against the Division of Family Services, the Department of Social Services, and the Children's Division.

Within the Petition, plaintiff alleges her minor child was "wrongfully taken from his mother's custody due to false/fraudulent evidence being represented in a Termination of Parental Rights Proceeding and used to take [her] rights away." *Id.* at 1. Through that proceeding, plaintiff states her child was placed in a foster home by defendant Division of Family Services. For relief, plaintiff asks this Court to review the state family court's proceedings, determine the termination of parental rights was incorrect, and enter an order granting her custody of the child. *Id.* at 4.

## Discussion

Having carefully reviewed plaintiff's complaint, the Court finds the allegations brought against the Division of Family Services, the Department of Social Services, and the Children's Division are subject to dismissal for lack of subject matter jurisdiction and, alternatively, for failure to state a claim.

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under

3

28 U.S.C. § 1332. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Upon review of plaintiff's complaint, the Court finds no basis for federal jurisdiction.

Here, diversity jurisdiction does not appear to exist because plaintiff and defendants are not alleged to be citizens of different states and she does not seek monetary relief. Additionally, federal question jurisdiction is not present on the face of plaintiff's complaint. To the extent plaintiff is contesting a state-court custody-related decision regarding her child or attempting to do an end-run around Missouri family court, such an action does not arise under the Constitution, laws, or treaties of the United States.

Moreover, this Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted); *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal

4

question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.").

The federal district court also lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that plaintiff's claims here can only succeed if this Court decides that a state-court decision regarding her minor children was wrongly decided. As such, plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162.

Lastly, plaintiff has given no indication that her instant habeas action could not have received a full and fair determination in state court, and it would appear that the state court, where the custody and child support proceedings were held, would be better equipped to handle the issues that have arisen in the course of plaintiff's interactions with defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted). In fact, Missouri Supreme Court Rule 91(a) requires a

state habeas corpus petition to be filed in a circuit court, the Missouri Supreme Court, or the Missouri Court of Appeals.

For all of the aforementioned reasons, dismissal for lack of jurisdiction, and alternatively, for failure to state a claim, is appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of jurisdiction and failure to state a claim. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this  2nd day of February, 2024.

                                                      HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE